IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLY K. COLEMAN,

              Plaintiff,                             ORDER

    v.                                                    20-cv-653-wmc

FRANK BISIGNANO,
Commissioner of Social Security,

              Defendant.

---

On July 22, 2021, the court issued an order and judgment remanding this case to the commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) pursuant to stipulation of the parties. Now before the court is plaintiff Kimberly K. Coleman's attorney's petition for fees pursuant to § 406(b)(1) in the gross amount of $38,167.03. (Dkt. #43.) Defendant does not object to this motion. (Dkt. #45.)

**Fees under 42 U.S.C. § 406**

As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Counsel asks the court to approve an attorney fee award in the net amount of $24,523.07, which represents the difference between the prior EAJA fee award and 25 percent of the Supplemental Security Income that was awarded to plaintiff in past-due benefits.[1] Having considered the supporting materials filed by plaintiff's attorney, and hearing no objection from plaintiff or

---

[1] The court notes that this 25 percent fee award is $38,167.03; however, counsel was previously awarded EAJA fees between three cases in the total amount of $13,643.96 (dkt. #45 at 2).

defendant, the court will grant the motion. The fees requested by counsel are reasonable in light of the time he and members of his firm spent on this case and the favorable result he obtained for plaintiff while working on a contingency basis.

Of course, counsel is not allowed to recover both awards. Section 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

## ORDER

IT IS ORDERED that:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b)(1) (dkt. #45) is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $38,167.03.

3. Counsel may retain the $13,643.96 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

4. The net amount of $24,523.07 shall be disbursed by the Commissioner from any of plaintiff's past-due benefits being withheld and in accordance with agency policy.

Entered this 5th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge